IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IMPERIAL CRANE SALES, INC. | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 1: 15-CV-00859 |
| SANY AMERICA, INC., | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF IMPERIAL CRANE SALES, INC.'s
MOTION FOR ENTRY OF FINAL JUDGMENT
UNDER FED. R. CIV. P. 54
ON CONFIRMATION OF THE FINAL ARBITRATION AWARD**

Now Comes Plaintiff Imperial Crane Sales Inc. ("Imperial"), and in support of its Motion for Entry of Final Judgment under Rule 54 states as follows:

1. On September 28, 2017, this Court denied SANY's Motion to Vacate the Arbitration Award, and granted, *in its entirety*, Imperial's Motion to Confirm the Arbitration Award, including awarding fees and post Arbitration Award interest (Attached as Exhibit 1 is a copy of the Memorandum Opinion). However, no final judgment was entered at that time.

2. Imperial's Motion for Confirmation first sought confirmation of the Arbitration Award itself in the amount of $1,790,292.00 (Attached as Exhibit 2 is a copy of Imperial's Motion without attached Exhibits).

3. Imperial's Motion for Confirmation (consistent with the dictates of the Arbitration Award) also noted that the Arbitration Award specifically awarded "interest to accrue at the statutory rate beginning thirty days from the date of this Award."

1

4. Under the applicable Georgia statute §7-4-12[1] as the statutory rate referenced in the Award, the statutory post-judgment interest rate is the published prime rate plus 3%. Imperial's Motion noted that as of April 2, 2017 (30 days after the Award) the prime rate was 4%, making the post judgment rate starting on April 2, 2017 under the statute at 7%. Imperial's Motion sought this post Arbitration Award interest.

5. This Court also awarded Imperial's attorneys' fees incurred since the issuance of the Award pursuant to the Contractual provisions (Memorandum Opinion, pgs. 14-15).

6. The Seventh Circuit has outlined a standard to use when quantifying reasonable attorneys' fees pursuant to a contractual indemnification provision. Under this standard, a district court will not normally engage in a detailed, hour-by-hour review of the lawyers' bills, as it might do when quantifying reasonable attorneys' fees pursuant to a fee-shifting statute. *Oldenburg Group Inc. v. Frontier-Kemper Constructors, Inc.,* 597 F.Supp.2d 842, 847 (E.D. Wisc. 2009)(citing *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 521 (7th Cir. 1999). See also *Taco Bell Corp. v. Cont'l Cas. Co.,* 388 F.3d 1069, 1075-76, 1077 (7th Cir. 2004). Rather, the district court asks only the questions posed by the parties' agreement: "did the legal expenses result from [the] breach and, if so, were the fees reasonable (that is, were they fees that commercial parties would have incurred and paid knowing that they had to cover the outlay themselves)?" *Medcom*, 200 F.3d at 521.

7. Courts award fees at the market rate, and the best evidence of the market value of legal services is what people pay for it. *Balcor Real Estate Holdings, Inc. v. Walentas–Phoenix Corp.,* 73 F.3d 150, 153 (7th Cir. 1996). Thus, so long as the bills are real bills that the party seeking indemnification actually paid in the ordinary course of business without knowing for

---

[1] The parties agreed that Georgia law applied to the substance of the dispute as detailed in the Final Arbitration Award.

certain that it would be able to shift fees to its adversary, the district court should find that the bills are commercially reasonable. *Id.;* see also *Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005); *Taco Bell*, 388 F.3d at 1075–76; *Kallman v. Radioshack Corp.*, 315 F.3d 731, 742 (7th Cir .2002); *Medcom*, 200 F.3d at 520–21.

8. The affidavit of Craig G. Penrose attached to this Motion as Exhibit 3 outlines the fees charged and the reasonableness of the fees as paid by the client.

9. Imperial now seeks entry of a final judgment of **$1,875,057.50** as follows:

| | | |
|---|---|---:|
| (A) | Confirmation of Arbitration Award | $1,790,292.00 |
| (B) | Post Arbitration Award interest from April 2 to October 19, 2017 (7% of $1,790,292 for a daily rate of $343.43 for 200 days) | $ 68,686.00 |
| (C) | Attorneys' fees for District Court Proceedings (See Affidavit of Craig G. Penrose) | $ 16,079.50 |

**TOTAL JUDGMENT TO BE ENTERED:**     **$1,875,057.50**

10. Pursuant to this Court's Standing Order a Proposed Final Judgment Order has been submitted to the e-mail address of the assigned judge, Proposed_Order_Kocoras@ilnd.uscourts.gov with a copy to counsel.

WHEREFORE, Plaintiff requests that this Court enter final judgment in this matter in the amount of **$1,875,057.50,** with post-judgment interest continuing to accrue at the prior rate, and for all other relief that is just and equitable.

                                                          **IMPERIAL CRANE SALES, INC.**

                                                          By: /s/Craig G. Penrose
                                                          One of Its Attorneys

Ryan A. Hiss (rhiss@lauriebrennan.com)
Craig G. Penrose (cpenrose@lauriebrennan.com)
Laurie & Brennan, LLP
Two North Riverside Plaza, Suite 1750
Chicago, Illinois 60606
(312) 445-8768

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that **Plaintiffs' Motion For Entry of Final Judgment** was filed electronically on this 16th day of October, 2017. Notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

Bilal Zaheer
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 201-2875
Email: bilal.zaheer@lockelord.com

Bryan G Harrison
Locke Lord LLP
3333 Piedmont Rd NE
Suite 1200, Terminus 200
Atlanta, GA 30305
(404) 870-4600
Email: bryan.harrison@lockelord.com

Michael Wolak , III
Locke Lord LLP
Suite 1200
Terminus 200
3333 Piedmont Road NE
Atlanta, GA 30305
404.870.4655
Email: michael.wolak@lockelord.com

/s/ Craig G. Penrose
Attorney for Plaintiffs